IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
02/09/2016

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| J. ANDRES CASTRO, | ) CASE NO. 15-34107-H3-13 |
| | ) |
| Debtor | ) |

### MEMORANDUM OPINION

The court heard the "Motion for Order Validating Foreclosure Sale; Or Alternatively Annulling Stay or Alternatively Annulling Stay and Dismissing Bankruptcy Case" (Docket No. 33) filed by Nationstar Mortgage, LLC ("Movant"). After consideration of the motion, the response filed by J. Andres Castro ("Debtor")(Docket No. 42), the evidence, testimony, pleadings, docket sheet and entire file in the above captioned matter, the following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered annulling the automatic stay and dismissing the case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Debtor filed a Chapter 13 bankruptcy proceeding *pro se* on August 3, 2015. The case was dismissed on August 19, 2015 for failure of the Debtor to file the information and documents required by section 521(a)(1) of the Bankruptcy Code and

Bankruptcy Rule 1007(c). Docket Nos. 4 and 12. Thereafter, Debtor obtained counsel and the dismissal was vacated based upon Debtor's assertion that all deficiencies were cured. Docket Nos. 14 and 19.

Some deficiencies were cured but Debtor did not obtain credit counseling prepetition as required by section 109(h). Debtor also failed to file a Statement of Social Security Number on the petition date. The Statement was not filed until almost three months after the petition date. Docket No. 35, of which the court takes judicial notice. Debtor requested payment of the filing fee in installments prior to the case being dismissed. See Docket No. 2, of which the court takes judicial notice. Reinstatement of the case did not revive Debtor's request to pay the fee in installments. To date, Debtor has failed to pay the filing fee although he has paid his attorney $1,000.00 post petition.

On August 25, 2015 Debtor filed a Certificate of Credit Counseling which indicates that Debtor obtained counseling post petition on August 20, 2015. See Docket No. 15, of which the court judicial notice. Debtor failed to explain, and no evidence was submitted in connection with, the reasons why Debtor did not take the credit counseling course prior to filing the bankruptcy petition. Debtor testified that he took the course post petition because his attorney told him to do so. Debtor did not seek a

waiver of the credit counseling requirement or seek permission from the court to take the course post petition.  The court finds that Debtor was ineligible to file the instant bankruptcy petition on August 3, 2015 because he did not take credit counseling prior to the filing date.

Debtor's Schedules A and C list the real property located at 1247 Coppermeade Drive, Houston, Texas 77067 as Debtor's homestead.  Debtor testified that the Coppermeade property is his homestead and that he and his family live there currently and were residing there on the petition date.  Schedule A also lists real property located at 24118 Farm Hill Road, Spring, Texas 77373 ("Property") with a notation that this property is owned by Debtor's brother-in-law, Justino Juarez, and that mortgage payments are made by Juarez.

The Property was sold at a foreclosure sale, initiated by Movant, on August 4, 2015, which was the day after Debtor filed his bankruptcy petition.  The Substitute Trustee sold the Property to a third party purchaser, Mountainside Ventures, LLC, with the Substitute Trustee's Deed recorded on August 14, 2005.  Movant's Exhibit Nos. 7 and 8.  Movant seeks to validate the foreclosure sale, annul the stay, or alternatively, annul the stay and dismiss the bankruptcy case.

Debtor testified that he signed the note and deed of trust on the Property so that his brother-in-law and sister could

purchase it and reside there. Movant's Exhibit Nos. 5 and 6. Debtor testified that the Property was not listed in Juarez's name at the time of purchase because Juarez did not have a social security number. Debtor testified that he had an agreement with Juarez that once the mortgage on the Property was paid off, Debtor would transfer the deed to the Property to his brother-in-law and sister.

Debtor testified that he has never lived on the Property, has never made any mortgage payment on the Property, and has never paid for insurance or taxes related to the Property. Debtor testified that he listed the Property on his bankruptcy petition because legal title to the Property was in his name. Debtor testified that he filed the instant bankruptcy case to try to save the Property for his brother-in-law and sister.

Debtor claims that he notified Movant of the bankruptcy filing on August 3, 2015, the petition date, shortly after the petition was filed. Debtor testified that he was assisted with filing the *pro se* petition by Carlos Amaya. Debtor testified that he met with Amaya at Amaya's office on the petition date and then Debtor went to the courthouse and filed the documents. He testified that after filing the documents, he returned to Amaya's office and Amaya faxed the papers to Movant. Debtor testified that Amaya gave him a copy of the fax receipt showing that a fax

was sent to Movant notifying Movant of the bankruptcy filing on August 3, 2015.  The fax receipt was not offered or introduced into evidence.  Debtor testified that when the fax was sent Debtor was not near the fax machine and he did not physically see Amaya fax the documents.  Debtor also testified that he did not know the fax number to which the documents were purportedly sent.

     Debtor filed his Statement of Social Security Number on October 26, 2015.  Docket No. 35.  The Debtor's failure to file his social security number precluded Movant from being able to determine, by searching on national and local court websites, whether Debtor filed a bankruptcy petition.  Searches producing no results for a bankruptcy filing by Debtor were made by Movant on June 20, 2015, July 10, 2015, July 31, 2015, August 4, 2015, August 7, 2015, August 11, 2015, September 3, 2015, September 15, 2015, and October 21,2015.  Movant's Exhibit Nos. 9 - 17.  The court finds that Movant had no notice of the bankruptcy filing by Debtor prior to the foreclosure sale.

     In addition to the ineligibility of Debtor to have filed the instant bankruptcy case, the court finds that Debtor has not fulfilled debtor's duties set forth in 11 U.S.C. § 521.  Debtor testified that he is self employed and operates a business.  Debtor did not amend his schedules showing he operated a business until December 9, 2015.  See Docket Nos. 16 and 52, of which the court takes judicial notice.  Debtor has not filed any

monthly operating reports for his business.  Debtor testified that he has failed to provide his business records to the Chapter 13 Trustee as well as his bank records and proof of income.  Conclusion of the creditors' meeting is pending until Debtor meets with the Chapter 13 Trustee's accountant.  Debtor testified he has not met with the accountant but stated he would do so in the future.  See Docket No. 39, of which the court takes judicial notice.

Debtor failed to list the agreement with his brother-in-law to transfer title to the Property in Schedule G, Executory Contracts and Unexpired Leases.  Schedule J, Expenses, does not include an expense for property taxes owed on the Coppermeade property, Debtor's homestead, although Debtor testified he pays the taxes directly.  Debtor testified he did not know why the expense was not included.  Debtor testified that Form 22C, Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period, did not include the income that he received from his brother-in-law to make payments on the Property.  See Docket No. 16, of which the court takes judicial notice.  Debtor testified that he did not review the amended schedules that were filed January 5, 2016.  Docket No. 63.

Debtor's proposed plan and part of Debtor's monthly plan payment includes payment of the mortgage amount to Movant for the Property.  Docket No. 64.  Debtor testified that he is

including the payment to Movant as part of his plan but that Juarez will pay and reimburse that amount to the Debtor. Debtor testified that the instant case was his first bankruptcy filing and that his homestead has never been in danger of being foreclosed upon. Debtor testified that he has only made two payments to the Chapter 13 Trustee. Movant's Exhibit No. 24.

The court finds that Debtor has used the bankruptcy process in order to retain the Property on behalf of his brother-in-law and sister, without Debtor's having a possessory or equitable ownership interest in the Property, and without a serious need for, or attempt at, financial rehabilitation. The court concludes, based on the totality of the circumstances, that there are sufficient grounds to annul the automatic stay for cause and to dismiss the case.

## Conclusions of Law

Section 109(h) of the Bankruptcy Code provides, in pertinent part, that an individual may not be a debtor under Title 11 unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency, described in section 111(a), an individual or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. Bankruptcy Rule 1007 requires that a debtor

file a certificate reflecting that credit counseling was obtained prepetition.

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if--
>>
>>> (A) the debtor does not have an equity in such property;  and
>>>
>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997). The Bankruptcy Code gives the court broad discretion to provide appropriate relief from the automatic stay as may fit the facts of a particular case. *In re Atlantic Ambulance Associate, Inc.*, 166 B.R. 613 (Bankr. E.D.Va. 1994).

Section 362(g) specifies that the party requesting the relief has the burden of proof on the issue of the debtor's equity in the property and the party opposing has the burden of proof on all other issues.

It is well settled that actions taken in violation of the automatic stay are not *void*, but rather they are merely *voidable*. The bankruptcy court has the power to annul the automatic stay pursuant to section 362(d). *See Jones v. Garcia (In re Jones)*, 63 F.3d 411, 412 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1566 (1995)(post petition foreclosure sale held by one without notice of bankruptcy is not void; automatic stay held to have been lifted retroactively) and the cases cited therein.

Annulment of the stay has the effect of eliminating it retroactively. *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir. 1989); *In re Pierce*, 272 B.R. 198 (Bankr. S.D. Tex. 2001). Courts have entered orders annulling the stay where a creditor having no knowledge of a pending bankruptcy forecloses in good faith on the collateral. *See In re Pinetree, Ltd.*, 876 F.2d 34 (5th Cir. 1989); *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984); *In re Jones*, 63 F.3d 411 (5th Cir. 1995). Lack of knowledge is but one equitable reason why the stay might be annulled. *Pierce*, 272 B.R. at 210. Retroactive annulment of the automatic stay and dismissal of the case is a permissible remedy for the failure of a debtor to take pre-petition credit

counseling as required by section 109(h).  *See Wyttenbach v. Commissioner Internal Rev. Serv., (In re Wyttenbach)*, 382 B. R. 726 (D. S.D. Tex. 2008), *aff'd on other grounds*, 291 Fed. Appx. 673 (5th Cir. 2008).

Based on the foregoing, a separate Judgment will be entered annulling the automatic stay retroactive to the petition date and dismissing the instant case.

Signed at Houston, Texas on this 9th day of February, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE